United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGE PARTNERS, a California Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>CITIBANK N.A., a national banking association, and JP MORGAN CHASE BANK, N.A., a national banking association,<br><br>    Defendants.<br>                                                             / | No. C 12-03048 WHA<br><br>**ORDER DENYING DEFENDANT JP MORGAN CHASE BANK'S *EX PARTE* APPLICATION FOR RELIEF** |

On June 14, 2012, plaintiff Bridge Partner's application for a temporary restraining order was granted and a hearing was set for July 19, 2012, for an order to show cause on a motion for preliminary injunction. Defendants' opposition brief(s) were due July 6, 2012, and plaintiff's reply is due July 13. Following entry of the TRO, plaintiff was granted leave to take expedited discovery on specified issues. On June 25, 2012, defendant JP Morgan Chase Bank, N.A., filed an *ex parte* application for an "order dissolving the temporary restraining order, or alternatively, for an order shortening time to hear the motion to dissolve or modify [the] temporary restraining order" (Dkt. No. 15). Plaintiff opposed.

Defendant Chase's motion is procedurally improper. Civil Local Rule 7-1 provides that:

> Any written request to the Court for an order must be presented by one of the following means:
>
> (1)    Duly noticed motion pursuant to Civil L.R. 7-2;
>
> (2)    A motion to enlarge of shorten time pursuant to Civil L.R. 6-1;

  (3) When authorized, an *ex parte* motion pursuant to Civil L.R. 7-10;

  (4) When applicable, a motion for administrative relief pursuant to Civil L.R. 7-11; or

  (5) Stipulation of the affected parties pursuant to Civil L.R. 7-12;

  (6) Motions regarding Orders or Recommendations of a Magistrate Judge pursuant to Civil L.R. 72-2 or 72-3.

Defendant Chase did not make a duly noticed motion. And defendant Chase's *ex parte* motion is not authorized by Local Rule 7-10, which states:

> Unless otherwise ordered by the assigned Judge, a party may file an *ex parte* motion, that is a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis. The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought.

Defendant Chase does not cite to a statute, rule, or order that permits entry, on an *ex parte* basis, of an order dissolving or modifying the TRO. The Court is not aware of any such statute or rule. Defendant Chase also ignores the requirements set forth in Local Rule 6-3, which provides that a motion for an order shortening time "may be no more than 5 pages in length" Defendant's motion was 16 pages in length and appended over two hundred pages worth of exhibits.

Defendant Chase has flouted various local rules. Thus, defendant's motion is **DENIED**. The hearing on the motion for a preliminary injunction will be held at **8:00 A.M. ON JULY 18, 2012**, after plaintiff has had an opportunity to take expedited discovery and the motion is fully briefed.

**IT IS SO ORDERED.**

Dated: July 13, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2